

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TIMOTHY DIXON, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:16-CV-1679-G-BF |
| | § | 3:00-CR-0350-G-(01) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

David Timothy Dixon robbed two different banks; he brandished a handgun during both robberies. He later pleaded guilty to two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced him to prison for a total of 240 months. Dixon filed an unsuccessful direct appeal. *See United States v. Dixon*, 31 F. App'x 839 (5th Cir. 2002). He did not file a petition for a writ of certiorari.

Over fourteen years later, Dixon filed this 28 U.S.C. § 2255 motion. He argues that his sentence was enhanced under § 924(c)'s residual clause, which he claims is invalid in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Page 1

## II. Discussion

Dixon's § 2255 motion is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The Court can raise AEDPA's statute of limitations *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254). The statute provides that the limitations period shall run from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

Here, the limitations period began to run when Dixon's judgment became final. *See* 28 U.S.C. § 2255(f)(1). The United States Court of Appeals for the Fifth Circuit affirmed Dixon's criminal judgment on February 7, 2002. And his judgment became final on May 8, 2002, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms

a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Dixon's statute of limitations expired one year later, in May 2003. His § 2255 motion, filed in June 2016, is untimely.

Moreover, § 2255(f)(3) does not apply here. Under that section, AEDPA's one year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Dixon claims to be asserting a right under the Supreme Court's decision in *Johnson*, but *Johnson* did not establish the right that Dixon seeks to assert. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. At 2563. And, because *"Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But Dixon was not convicted under the Armed Career Criminal Act, and that is not the statute that he seeks to challenge. Instead, Dixon seeks to extend the right announced in *Johnson* to his conviction under § 924(c)(1) for using and carrying a firearm during a bank robbery. That is, Dixon attempts to rely on a new right that the Supreme Court has not yet recognized. A right is "new" if it is "not *dictated* by precedent." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (emphasis in original) (quoting *Teague v. Lane*, 489 U.S. 288. 301 (1989)); *see also Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (collecting cases and noting that Courts of Appeals agree that whether the Supreme Court has recognized a new "right," resetting AEDPA's statute of limitation under § 2255(f)(3), requires the same inquiry as determining whether the

Supreme Court has announced a new "rule" under *Teague*); *United States v. Morgan*, 845 F.3d 664, 667-68 (5th Cir. 2017) (inquiring whether the Supreme Court announced a new "rule" when determining whether a § 2255 motion was timely under § 2255(f)(3)). And a right is "dictated" by precedent only if it is "apparent to all reasonable jurists." *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

As relevant here, "[i]t is far from 'apparent to all reasonable jurists' that § 924(c)(3)(B) is unconstitutional under *Johnson*." *United States v. Autobee*, No. 17-1082, 2017 WL 2871893, *4 (10th Cir. July 6, 2017) (per curiam) (concluding that §2255(f)(3) did not apply to a §2255 motion attempting to extend *Johnson* to invalidate §924(c)). Indeed, the Fifth Circuit has recently rejected an attempt to extend *Johnson* to invalidate § 924(c). *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague"). So too have other Circuit courts. *See United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016) ("we join the Second and Sixth Circuits in upholding §924(c)(3)(B) against a vagueness challenge."); *United States v. Hill*, 832 F.3d 135, 145-50 (2d Cir. 2016) (same); *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (same). Therefore, it is clear that *Johnson* did not dictate to all reasonable jurists that § 924(c)(3)(B) is unconstitutionally vague. Because *Johnson* did not create the right that Dixon seeks to assert here, § 2255(f)(3) does not apply. *See Autobee*, 2017 WL 2871893, at *4; *see also Williams v. United States*, No. 4:16-cv-444-A, 2016 WL 8716269, *3 (N.D. Tx. June 10, 2016) (holding that §2255(f)(3) does not apply to a §2255 motion challenging §924(c)(1) as unconstitutionally vague under *Johnson*). Accordingly, Dixon's § 2255 motion is untimely.

Nor can Dixon benefit from equitable tolling, which applies only in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (noting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Dixon bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Dixon has not carried that burden. He has failed to show that he was actively misled about his habeas remedies or that he has been prevented in some extraordinary way from asserting his rights.

## III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as time-barred.

Signed this 13 day of September, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).